IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

DENISE GAITANTZIS,                    )
                                      )
        Plaintiff,                    )
                                      )
                                      )        NO. 3:24-cv-00035
v.                                    )
                                      )        JUDGE RICHARDSON
METROPOLITAN NASHVILLE                )
AIRPORT AUTHORITY,                    )
                                      )
        Defendant.                    )
                                      )

## <u>**MEMORANDUM OPINION AND ORDER**</u>

Pending before the Court is a motion for summary judgment (Doc. No. 22, "Motion") filed

by Defendant, Metropolitan Nashville Airport Authority. Supporting the Motion is a memorandum

(Doc. No. 23), a statement of facts (Doc. No. 24, "Statement of Facts"), which is comprised of 90

purportedly material and undisputed facts, and various exhibits (Doc. Nos. 23-1–23-6; 24-1–24-

30; 25). Plaintiff, Denise Gaitantzis, has filed a memorandum (Doc. No. 26) in opposition to the

Motion, which is supported by various exhibits (Doc. Nos. 28-1 – 28-16), and a response (Doc.

No. 27) to the Statement of Facts. Defendant has filed a reply (Doc. No. 32) in further support of

the Motion.[1]

For the reasons described herein, the Motion (Doc. No. 22) is **DENIED**.

---

[1] Plaintiff has also filed a motion (Doc. No. 31) seeking leave to late file a statement of additional disputed
material facts. Although not granted leave to file such statement, Plaintiff filed her statement of additional
disputed material facts at Docket No. 30, to which Defendant responded at Docket No. 33.

  Given that the Court is herein denying the Motion without relying on Plaintiff's statement of additional
disputed material facts at Docket No. 30, the Court will deny as moot the motion (Doc. No. 31) seeking
leave to late file the statement of additional disputed material facts and will direct the Clerk to strike
Plaintiff's statement of additional disputed material facts (Doc. No. 30) from the record.

## BACKGROUND

The instant action arises out of events concerning—among other things—alleged employment discrimination against Plaintiff on the basis of Plaintiff's sex and/or age. (Doc. No. 1). Plaintiff brings five claims against Defendant: (1) a claim under 42 U.S.C. § 1983 ("Section 1983") for alleged violations of the First Amendment to the United States Constitution (Count I) (Doc. No. 1 at ¶¶ 95-102); (2) a claim under Section 1983 for alleged violations of the equal protection clause of the Fourteenth Amendment to the United States Constitution (Count II) (Doc. No. 1 at ¶¶ 103-08); (3) a claim for alleged violations of Title VII of the Civil Rights Act of 1964 (Count III) (Doc. No. 1 at ¶¶ 109-12); (4) a claim for alleged violations of the Age Discrimination in Employment Act (Count IV) (Doc. No. 1 at ¶¶ 113-15); and (5) a claim for alleged violations of the Tennessee Human Rights Act (Count V). (Doc. No. 1 at ¶¶ 116-18).[2]

Now, via the instant Motion, Defendant contends that it is entitled to summary judgment on all of Plaintiff's claims. (Doc. No. 22 at 1).

## LEGAL STANDARD

Summary judgment is appropriate where there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986).[3] In other words, even if genuine, a factual dispute that is irrelevant under

---

[2] Initially, Count I and Count II were brought also against an individual named Neale Bedrock. Neale Bedrock was dismissed as a defendant, (Doc. No. 18), prior to Defendant bringing the instant Motion.

[3] The Court provides below an analysis of just what constitutes a "material" fact.

applicable law is of no value in defeating a motion for summary judgment. *See id.* at 248. On the other hand, "summary judgment will not lie if the dispute about a material fact is 'genuine[.]'" *Id.*

The party bringing the summary judgment motion has the initial burden of identifying portions of the record that demonstrate the absence of a genuine dispute over material facts. *Pittman v. Experian Info. Sols., Inc.*, 901 F.3d 619, 627-28 (6th Cir. 2018) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). If the summary judgment movant meets its initial burden, then in response the non-moving party "must set forth specific facts showing that there is a genuine issue for trial." *Pittman*, 901 F.3d at 628 (quoting *Anderson*, 477 U.S. at 250).[4] Importantly, "[s]ummary judgment for a defendant [that has met its initial burden as the movant] is appropriate when the plaintiff 'fails to make a showing sufficient to establish the existence of an element essential to [her] case, and on which [she] will bear the burden of proof at trial.'" *Cleveland v. Pol'y Mgmt. Sys. Corp.*, 526 U.S. 795, 805–06 (1999) (quoting *Celotex,* 477 U.S. at 322). *See also Overstreet v. Lexington-Fayette Urb. Cnty. Gov't*, 115 F. App'x 806, 811 (6th Cir. 2004) ("The non-moving party may not rely on mere allegations and assertions in his pleadings, but rather must present specific facts that show that there is some material issue warranting a trial. If the non-moving party cannot meet this burden, summary judgment is appropriate." (citing *Nichols v. Moore,* 2004 WL 2039356, at *3 (E.D. Mich. Sept. 3, 2004))).

As noted above, where there is a genuine dispute as to any material fact, summary judgment is not appropriate. *Hostettler v. College of Wooster*, 895 F.3d 844, 852 (6th Cir. 2018). The court determines whether sufficient evidence has been presented to make the issue of fact a proper jury question. *Id*. The mere existence of a scintilla of evidence in support of the non-moving party's

---

[4] Courts (appropriately) at times refer interchangeably to (i) a party being able (or unable) to raise a genuine issue as to fact and (ii) a reasonable jury being able (or unable) to find in the party's favor on that fact. This Court does likewise herein.

position will be insufficient to survive summary judgment; rather, there must be evidence upon which the jury could reasonably find for the non-moving party. *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003).

ANALYSIS

Ordinarily, when considering a motion for summary judgment, such as the instant Motion, the Court would begin its analysis by reviewing those material facts not in genuine dispute and then turn to considering the parties' arguments on the motion for summary judgment, specifically analyzing whether the movant has met its burden to show that there is no genuine issue as to any material fact and considering whether the movant is entitled to judgment as a matter of law. However, the Court will eschew that approach here because, as noted above, Defendant's Statement of Facts—filed in support of its Motion—contains *90* purportedly material facts. Based on the length of the Statement of Facts, the Court will deny the Motion. The Court is justified in doing so on several grounds, as discussed below.

## I. The Local Rules, Conciseness, and Material Facts

The 2020 version of the Local Rules (hereinafter "2020 Local Rules," "2020 Local Rule" or "2020 LR")—the iteration of the Local Rules in effect at the time that Defendant filed its Motion—provides various rules regarding what a movant bringing a motion for summary judgment should do in bringing their motion. As relevant here, 2020 Local Rule 56.01(b) provides that "any motion for summary judgment made pursuant to Fed.R.Civ.P. 56 must be accompanied by a separate, *concise* statement of the material facts as to which the moving party contends there is no genuine issue for trial." (emphasis added).[5]

---

[5] The Court will refer herein to the statement of facts contemplated by 2020 Local Rule 56.01(b) as a "Rule 56.01 statement."

This Court previously analyzed 2020 Local Rule 56.01(b), the interplay between 2020 Local Rule 56.01(b)'s requirement that a statement of facts be concise and the materiality (or lack thereof) of facts, and just what constitutes a material fact at summary judgment, in its decision in *McLemore v. Gumucio*, 619 F. Supp. 3d 816, 821-826 (M.D. Tenn. 2021) (Richardson, J.). The Court repeats immediately below that analysis—in large part verbatim, though excluding the footnotes found in the original text and making small revisions and additions both to the text and to citations for the sake of clarity.

As noted above, a Rule 56.01 statement must be concise. According to one online dictionary, "concise" means "free from all elaboration and superfluous detail." *Concise*, Merriam-Webster.com, https://www.merriam-webster.com/dictionary/concise (last accessed April 9, 2026). According to another, "concise" means "expressing much in few words; clear and succinct." *Concise*, TheFreeDictionary.com, https://www.thefreedictionary.com/concise (last accessed April 9, 2026). And according to a third, "concise" means "say[ing] everything that is necessary without using any unnecessary words." *Concise*, CollinsDictionary.com, https://www.collinsdictionary.com/dictionary/english/concise (last accessed April 9, 2026). Some definitions of "concise" equate the term simply with "brief" or "short." But it seems clear that a more fulsome construction of the word is "as brief [or as short] as feasible" or, conversely, "no longer than necessary." From all of this, the Court believes that when the Local Rule calls for a "concise" statement of facts, it is calling not necessarily for a statement of facts that is short or brief, but rather one that is free from unnecessary detail and is as brief as (reasonably) feasible.

This, in turn, means that a Rule 56.01 statement is not objectionable merely because it is long or even very long. Rather, it is objectionable if it is *unnecessarily* long. And a Rule 56.01 statement is unnecessarily long by virtue of the sheer *number* of statements only to the extent that

it includes particular statements that are *not* statements of (purported) material fact as to which there (supposedly) exists no genuine issue to be tried (and thus were not properly included in a Rule 56.01 statement at all).

On the other hand, if an included statement truly is a statement of (purported) material fact as to which there (supposedly) exists no genuine issue to be tried, then it is properly included in a Rule 56.01 statement. Even more to the point, such a statement cannot be said to contribute *unnecessarily* to the length of the Rule 56.01 statement. To understand why, one must start at the beginning, with a correct understanding of what a *material* fact is. "[T]he [applicable] substantive law will identify which facts are material." *Anderson*, 477 U.S. at 248. In other words, a fact is "material" within the meaning of Rule 56(a) "if its proof or disproof might affect the outcome of the suit under the governing substantive law." *Reeves v. Swift Transportation Co.*, 446 F.3d 637, 640 (6th Cir. 2006) (citing *Anderson*, 477 U.S. at 248). This is a somewhat and seemingly very broad standard, inasmuch as the existence or non-existence of a virtually infinite number of facts conceivably "might" affect the outcome of a suit under governing law inasmuch as the notion of "might affect the outcome of a lawsuit" is of unclear and debatable boundaries.

But there must be reasonable limits on the concept if a Rule 56.01 statement is to effectively serve its purpose of assisting the court in deciding a motion for summary judgment. In a recent version of Section 2725 of Wright & Miller, which (in its then-current 1993 version) was cited in the applicable portion of *Anderson*, the authors note:

> Although there is no established standard governing the question of what constitutes a material fact, a few general observations can be made. A fact is material if it tends to resolve any of the issues that have been properly raised by the parties. Consequently, in ruling on motions for summary judgment federal courts have held that a fact or facts are material if they constitute a legal defense, or if their existence or nonexistence might affect the result of the action, or if the resolution of the issue they raise is so essential that the party against whom it is decided cannot prevail. On the other hand, a factual issue that is not necessary to the decision is not

> material within the meaning of Rule 56(a) and a motion for summary judgment may
> be granted without regard to whether it is in dispute.

10A Fed. Prac. & Proc. Civ. § 2725.1 (2016). Although these observations are perhaps of some help in grasping the notion of "material fact," the reality is that the precise boundaries of what constitutes a "material fact" remain obscure. And a summary judgment movant cannot be faulted for making a colorable (even if debatable) assertion that all statements included in its Rule 56.01 statement are statements of material fact.

And if a fact *is* material—if its existence or non-existence will affect the outcome of the lawsuit—then the party including it in its Rule 56.01 statement cannot be blamed for including it, because it *should* be included precisely because its existence or non-existence will affect the outcome of the lawsuit. So the inclusion of a (purported) material fact is, by definition, always appropriate—because the existence or non-existence of them is precisely what the Court needs to determine in order to determine the outcome of a case (or a summary judgment motion). What's more, *true* material facts are precisely the things specifically contemplated for inclusion in a Rule 56.01 statement, and the Court sees no basis for excluding any one of them on the grounds that there are too many of them.

But a statement of fact included in a Rule 56.01 statement should be excluded if it is (i) not a statement of *fact* at all or (ii) a statement of fact but not properly considered a statement of *material* fact. Nevertheless, in the Court's experience, summary judgment movants often include statements that fall within these two categories (especially the second category). As to the second category in particular, the Court suspects that is primarily because such movants (and, of course, their counsel) are not adequately focused on the difference between a garden variety "relevant" fact and a fact that is material. The problem with including statements falling within the second category is not merely academic, but rather has very real world consequences. As to *any*

statement of fact in the Rule 56.01 statement, the court—having received a clear representation that the statement of fact is in fact material—naturally needs to assess *how* (if at all) the fact is material. The effort that goes into this assessment (statement by statement by statement) can be significant, and whatever effort is thus made on a particular statement of fact ultimately proves to have been wasted if the statement turns out not actually to have been material in the first place. For a busy district court, such waste of judicial resources is intolerable, and the use of the kind of Rule 56.01 statements that foster such waste should be deterred in the manner that the Court is deterring it herein in this particular case.

There is, however, a corollary (or a logical conclusion) to the Court's observations about just what constitutes a *material* fact that shows how a summary judgment movant really can hurt its chances on summary judgment by including purported material facts beyond those that are the actual (purported) material facts. As made clear by Fed. R. Civ. P. 56 and cases like *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986), a movant for summary judgment (be it a defendant or, more rarely, a plaintiff) must remove every genuine issue of material fact to be granted summary judgment. To do so, the movant must "show[] *that there is no genuine dispute as to any material fact* and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In other words, the movant at summary judgment must show that there are *no* material facts as to which there is a genuine issue (dispute) for trial—*i.e.*, as to each and every material fact, there is no genuine issue for trial. Clearly, the fewer the material facts, the easier it is to make this showing. So, by persuading the court that there are *fewer* rather than *more* material facts, the movant persuades the court that the movant has less it needs to achieve—fewer alleged facts to show as not needing a trial to prove or disprove—in order to be granted summary judgment. Conversely, to the extent that a movant posits *more* material facts, the possibility increases that the court will deny the motion for

summary judgment based on the existence of a genuine issue as to any single one of what the movant itself has called the material facts. Put another way, a movant may think it is better to *maximize* the number of purportedly material facts because it is ostensibly more impressive to (purportedly) prevail as to the truth of a larger number of facts—but actually, all other things being equal, it is better to *minimize* the number of purportedly material facts in order to avoid inviting the court to place upon the movant the burden of showing the truth of more facts than are necessary (i.e., the burden of showing the truth of certain immaterial facts as well as all material facts).

So summary judgment movants have every incentive to minimize to the fullest possible (ethical) extent, in their presentation to the Court, the number of material facts. But unfortunately, often they seem not to realize this.

With the analysis from *McLemore* (repeated in large part verbatim just above) in mind, the Court discerns that there are two critical defects with respect to the Statement of Facts filed by Defendant so as to call for denial of the Motion.

First, the Court discerns that the Statement of Facts is not nearly *concise* as required by 2020 Local Rule 56.01(b). Even a brief review of the Statement of Facts reveals numerous purportedly material facts that in the view of the Court are in actuality entirely immaterial because (a) the existence or non-existence of those facts would have no effect whatsoever on the outcome of the lawsuit and (b) determining whether those facts exist certainly is not necessary to the Court's decision on the instant Motion. For example, the fact numbered "1" by Defendant merely conveys the nature and scope of Defendant's business. (Doc. No. 24 at 1). And the fact Defendant numbers "12" merely states the number of individuals that applied for a particular position at Defendant. (*Id.* at 4).

At base—and for reasons into which the Court need not delve deeply herein—the Court cannot see how either of these purportedly material facts (in addition to several other particular facts throughout the Statement of Facts) are even arguably material to the claims pending in the case at bar. And consistent with the Court's discussion of just what "concise" means in the context of a Rule 56.01 statement, this leads the Court to conclude that the Statement of Facts—because it includes facts that are plainly not *material*—is not in fact *concise* as required by 2020 Local Rule 56.01(b) and is thus in violation of 2020 Local Rule 56.01(b). This violation of 2020 Local Rule 56.01(b) alone provides the Court with a basis to deny the Motion. *See Hosp. Auth. of Metro. Gov't of Nashville & Davidson Cnty., Tennessee v. Momenta Pharms., Inc.*, 333 F.R.D. 390, 400 (M.D. Tenn. 2019) (noting that a motion may be denied based on its failure to comply with the Local Rules); *Grove v. Wells Fargo Fin. California, Inc.*, 606 F.3d 577, 582 (9th Cir. 2010) (denial of a motion as the result of a failure to comply with local rules is within a district court's discretion).

Yet, even if the Court were to conclude that the Statement of Facts was concise as required by 2020 Local Rule 56.01(b)—i.e., if the Court accepted that each of the facts included in the Statement of Facts was in fact material—this would not save Defendant's Motion, because there is a second problem. As the Court noted above, Fed. R. Civ. P. 56 and cases like *Celotex Corp.* make clear that a movant for summary judgment (in this case Defendant) must remove every genuine issue of material fact. To do so, the movant must "show[] *that there is no genuine dispute as to any material fact* and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In other words, the movant must show that there are *no* material facts as to which there is a genuine issue (dispute) for trial. Here, Defendant contends that there are *90* material facts. So, under Defendant's own theory, Defendant must show *that there is no genuine dispute as to any* of these 90 (purportedly) material facts in order to be entitled to summary judgment. If even *one* of

these 90 (purportedly) material facts is in genuine dispute, then it would follow (under Defendant's own theory) that Defendant is *not* entitled to summary judgment. By the Court's count, Plaintiff disputes, in whole or in part, over half of the facts in Defendant's Statement of Facts. (Doc. No. 27 at 1-33). Given not just the plethora of (purportedly) material facts that Defendant has submitted along with its Motion, but also the sheer number of these facts that Plaintiff contends are in fact *in genuine dispute*, the Court discerns that it is almost certain that Defendant will not be able to show that all of its (purportedly) material facts are *not* in genuine dispute so as to be entitled to summary judgment, and this provides a further justification for denying the Motion.

To the extent that the reader (or the parties, and especially Defendant) thinks that the Court's decision herein is perhaps overly harsh, the Court feels compelled to note that there is another reason to deny Defendant's Motion: the parties in this action were ordered more than once to read the undersigned's opinion in *McLemore v. Gumucio*, 619 F. Supp. 3d 816 (M.D. Tenn. 2021) (Richardson, J.), wherein the undersigned—as noted above—provided the same guidance as he has stated herein regarding what should (or should not) be included in a summary judgment movant's statement of undisputed material facts. Indeed, in the initial case management order (Doc. No. 16), the Magistrate Judge ordered:

> All attorneys are required to read Judge Richardson's opinion in *McLemore v. Gumucio*, 619 F. Supp. 3d 816 (M.D. Tenn. 2021), regarding what should (or should not) be included in the summary judgment movant's "statement of undisputed material facts," and any parties moving for summary judgment or responding to a motion for summary judgment are expected to follow Judge Richardson's guidance as detailed in the *McLemore* opinion.

(Doc. No. 16 at 6). Moreover, the Court provided in its order setting this case for trial (Doc. No. 17):

> All attorneys are required to read the undersigned's opinion in *McLemore v. Gumucio*, No. 3:19-cv-00530, 2021 WL 2400411 (M.D. Tenn. June 11, 2021), regarding what should (or should not) be included in the summary judgment

> movant's "statement of material facts as to which the movant contends there is no genuine issue for trial" required by Local Rule 56.01(b). Any party moving for summary judgment or responding to a motion for summary judgment is expected to follow the guidance set forth in the *McLemore* opinion. This requirement is intended to, and should, redound to the benefit of the parties and the Court by increasing the likelihood that all involved will correctly identify and address issues that truly are ones of material fact.

(Doc. No. 17 at 3). So Defendant has twice been ordered to read the undersigned's opinion in *McLemore* and to follow *McLemore*'s guidance in bringing a motion for summary judgment. And yet Defendant nevertheless has failed to follow this Court's guidance in *McLemore*—namely by filing a Statement of Facts that is not concise as required by 2020 Local Rule 56.01(b) and otherwise including such a plethora of (purportedly) material facts in his Statement of Facts as to make clear to the Court that Defendant is unlikely (mathematically) to succeed in showing that each of these facts is in fact not in genuine dispute, due to both the sheer number of facts that Defendant has included in its Statement of Facts and the sheer number of these facts that Plaintiff contends are genuinely in dispute.[6] The failure of Defendant to adhere to *McLemore*, despite this Court's orders, provides further support for this Court's decision to deny the Motion.

## II. The Court's Discretion to Deny the Motion

Beyond the reasons elucidated above for denying the Motion, even assuming that (1) Defendant had filed a statement of facts that was concise so as to be in compliance with 2020 Local Rule 56.01(b), (2) Defendant had demonstrated that all of the (purportedly) material facts in its Statement of Facts were not in genuine dispute, and (3) Defendant had otherwise met their burden as summary judgment movants, the Court still would have the discretion to do what it has explicitly decided to do here: deny the Motion and manage the case by deciding to deal with all

---

[6] We are not dealing here with batting in baseball or with three-point shooting in basketball, so it is not virtually impossible that Defendant could go 90 for 90 —or that Plaintiff could go 0 for 90—on Defendant's factual assertions. But as a matter of mathematical probability, it seems implausible.

contested issues by developing a more fulsome factual record at trial rather than expending the (substantial) judicial resources necessary to dispose of the Motion. *See Rago v. Select Comfort Retail Corp.*, No. EDCV192291FMOSPX, 2021 WL 5861555, at *2 (C.D. Cal. June 2, 2021) (collecting cases); *Rocky Brands, Inc. v. Red Wing Shoe Co., Inc.*, No. 2:06-CV-00275, 2009 WL 10679648, at *1–2 (S.D. Ohio Feb. 11, 2009) ("It is the judgment of this Court that disposing of the pending summary judgment motions in this case would require as much time and resources as a full trial on the merits. Accordingly, the Court, in its discretion, DENIES the parties' summary judgment motions . . . . " (citing *Local Union No. 4343 of United Mine Workers of Am. v. Old Ben Coal Co.,* 762 F. Supp. 251, 253 (S.D. Ind. 1991))); *Local Union No. 4343*, 662 F. Supp. at 253 ("[I]f disposing of a summary judgment motion requires as much time as a full trial on the merits, Rule 56 no longer serves the purpose of economizing the court's and litigants' time, and as such, should be denied." (citing, *inter alia*, 10 Wright and Miller, Federal Practice and Procedure, Summary Judgment Proceedings § 2728 at 557-558)). As a district court in this circuit has noted:

> Given the volume of papers in the record and the complexity of the proposed facts as highlighted by the parties' recent filings, the Court is satisfied that the effort necessary to make the determination whether there are genuine issues of material fact requiring trial is not a productive use of its time. The better course is to require the case to be set down for separate trials. Even if the Court were to find that defendants had carried their burden, the Court would doubt the wisdom of granting summary judgment and terminating the case prior to trial. In such a circumstance, the Court has discretion to deny the motion. *See* 10 A C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 2728 (3ed.1998).

*Propps v. 9008 Grp., Inc.*, No. 03-71166, 2006 WL 2124242, at *1 (E.D. Mich. July 27, 2006). And with respect to the instant Motion, given some of the motion-specific observations made above, the Court discerns that resolving the instant Motion (with the attention it deserves) on the merits might well require more judicial resources than for this case to go to trial.[7] And, of course,

---

[7] The Court says this for several reasons. First, the parties here have estimated that the trial would take 3-4 days. (Doc. No. 16 at 7). This is not especially short for a trial, but it is not particularly long, either. Second,

if the Motion were to be decided and *denied* (in whole or even in part), then the resources spent on its resolution could be entirely in addition, rather than alternative, to the resources spent on a trial.[8]

Moreover, as shown by the cases just reviewed above, the Court is well within its discretion to deny the Motion on these grounds. *See also Anderson*, 477 U.S. at 255 ("Neither do we suggest . . . that the trial court may not deny summary judgment in a case where there is reason to believe that the better course would be to proceed to a full trial."); *United States v. Certain Real and Personal Prop. Belonging to Hayes*, 943 F.2d 1292, 1297 (11th Cir. 1991) ("A trial court is permitted, in its discretion, to deny even a well-supported motion for summary judgment, if it believes the case will benefit from a full hearing."); *Gott v. Neuman & Esser USA, Inc.*, No. 1:19-CV-4, 2019 WL 11271173, at \*2 (E.D. Tenn. Apr. 25, 2019) ("[a] district judge has the discretion to deny a Rule 56 motion even if the movant otherwise successfully carries its burden of proof if the judge has doubt as to the wisdom of terminating the case before a full trial." (quoting *Veillon v. Expl. Servs., Inc.*, 876 F.2d 1197, 1200 (5th Cir. 1989))).

The Court notes that the parties' effort expended in briefing the Motion ultimately should prove not to have gone to waste, but rather to be a great aide in preparing for trial—and to the extent that the effort does prove wasted, the Court believes that such waste falls at the feet of the parties (and Defendant in particular).[9]

---

given the modest number and the nature of Plaintiff's claims, this does not appear to be a case that would require much judicial elbow grease in performing the judge's out-of-court trial work, such as crafting jury instructions. Third, the Court knows from experience what kinds and (perhaps surprisingly very large) amounts of resources it needs to and does devote to a summary judgment motion that shakes out like this one does.

[8] This reality takes away some of the force of a legitimate argument against the approach that the Court is taking here: that *if* the motion for summary judgment *were* to be granted in full, that would save (potential) jurors time and effort that they will have to expend deciding the case after the denial of the motion for summary judgment (assuming, that is, that the case does not settle before trial).

[9] One final observation is worth stating. One might protest that the length of, and depth of discussion in, the instant Memorandum Opinion and Order is inconsistent with the Court's asserted need to preserve

<u>CONCLUSION</u>

Accordingly, for the reasons discussed herein, the Motion (Doc. No. 22) is **DENIED**. Additionally, and for the reasons stated in an earlier footnote, Plaintiff's motion (Doc. No. 31) seeking leave to late file a statement of additional disputed material facts is **DENIED** as moot and the Clerk is **DIRECTED** to strike Plaintiff's statement of additional disputed facts (Doc. No. 30) from the record.

IT IS SO ORDERED.

ELI RICHARDSON
UNITED STATES DISTRICT JUDGE

---

judicial resources. To that, the Court would respond that for multiple reasons, preparation of the instant Memorandum Opinion and Order actually involved substantially less of a time investment than the content of the Memorandum Opinion and Order might indicate.